IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARRY WAYNE SHAW, § <br> (TDCJ No. 416155) § <br> VS. § <br> § <br> § <br> BRIAN COLLIER,[1] Director, § <br> Texas Board of Pardons § <br> and Paroles, et al. § | CIVIL ACTION NO.4:08-CV-481-Y |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Barry Wayne Shaw's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). This action was authorized to be opened and severed from an action for relief under 28 U.S.C. § 2254 previously filed by Shaw in case number 4:07-CV-368-Y. After the magistrate judge granted Shaw's motions for extension, Shaw filed on October 22, 2008, an amended[2] form civil-rights complaint with a 39-page attachment, which is the live pleading reviewed in this case.

Shaw names the following defendants: Brian Collier, Corinth Davis, Gerald Garrett, and Thomas Fordyce, each individually and in an official capacity with the Texas Board of Pardons and Paroles; and Gary Johnson, Brad Livingston, Nathaniel Quarterman, and Kathy Cleere, each individually and in an official capacity with the Texas Department of Criminal Justice. (Amend Compl. Attachment pages 1, 5-6.) Shaw contends that on October 29, 2004, the Texas Board of

---

[1] Shaw listed numerous defendants in the attachment to his October 22, 2008, amended complaint. The clerk of Court is directed to list the parties on the docket as listed therein.

[2] The clerk of Court is directed to note on the October 22, 2008, docket entry no. 13 that this is an amended complaint.

Pardons and Paroles reviewed Shaw for parole eligibility, but denied his release to parole and set the next review date for October 2007. (Amend Compl. Attachment page 8.) Shaw alleges that providing him a "set off" date for review three years later was the result of an imposition of changes in Texas law in violation of the Constitution's ex post facto clause. (Amend Compl. Attachment pages 15-16, 30.) Shaw seeks a declaration that the defendants violated his rights under the Constitution and laws of the United States, and he seeks monetary damages.(Amend Compl. Attachment pages 37-38.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint under these standards, the Court concludes that Shaw's claims must be dismissed.

Each defendant is named in an official capacity on behalf of either the Texas Department of Criminal Justice or the Texas Board of Pardons and Paroles. But claims against individual defendants in their official capacities are actually suits against the governmental entities that employ the defendants.[8] In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state.[9] The Court of Appeals for the Fifth Circuit has expressly recognized that "the Eleventh Amendment bars recovering § 1983 monetary damages from TDCJ officers in their official capacity."[10] Furthermore, as a division of the Texas Department of Criminal Justice, the Board of Pardons and Paroles is a state agency.[11] Since the Board of Pardons and Paroles is an

---

[6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *See also Copeland v. Hamlin,* 2001 WL 1335842, *3 (N.D.Tex. Oct. 22, 2001)(as claims against state official in his official capacity are treated as claims against the state, such claims are barred by the Eleventh Amendment)(citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 68-70 (1989).

[9]*See Alabama v. Pugh,* 438 U.S. 781, 784 (1978); *see Okpalobi, et al. v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001).

[10]*Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002),*citing Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) and *Aguilar v. TDCJ,* 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. den'd,* 528 U.S. 851 (1999).

[11]*Swartz v. Texas Board of Pardons and Paroles,* No.3:95-CV-2020-P, 1997 WL 361638, at *1 (N.D. Tex. June 24, 1997)(citations omitted).

3

instrumentality of the state, it is also immune from suit for monetary damages.[12] Thus, Shaw's claims for monetary damages from the individuals defendants in an official capacity are barred by Eleventh Amendment immunity,[13] and must be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, all of Shaw's claims must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[14] In Texas, the applicable limitations period is two years.[15] Shaw has also asserted claims under the 42 U.S.C. § 1985, but claims under that statute are also subject to the two-year limitations provision.[16] A district

---

[12]*McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)(Texas Board of Pardons and Paroles is cloaked with eleventh Amendment immunity, baring claim for damages)(citing *Voisin's Oyster House v. Guidry,* 799 F.2d 183,186 (5th Cir. 1986).

[13]To the extent Shaw make claims for prospective declaratory relief, such claims are not barred by the Eleventh Amendment. *See* Brennan v. Stewart, 834 F.2d 1248, 1253 (5th Cir.1988)("The Eleventh Amendment and the doctrine of *Ex parte Young* together create a relatively simple rule of state immunity. Basically, prospective injunctive or declaratory relief against a state is permitted-whatever its financial side-effects-but retrospective relief in the form of a money judgment in compensation for past wrongs-no matter how small-is barred"); *see generally* Aguilar v. Tx. Dep't Criminal Justice, 160 F.3d 1052, 1054 (5th Cir.1998)(explaining that *Ex Parte Young* requires a complaint to include claims against individual persons in their official capacities as agents of the state, and the "relief sought must be declaratory or injunctive in nature and prospective in effect").

[14]*See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[15]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

[16]*See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.1987)("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period

4

court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[17]

Accrual of a claim under § 1983 is determined by federal law,[18] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[19] Plaintiff recites allegations arising from the October 29, 2004, decision to not release him to parole and to not consider him again for release to parole for three years. Upon review of the allegations in this complaint, the Court sees no basis to believe that Shaw did not know or have reason to know of the events giving rise to his claims on October 29, 2004. Although this suit was opened and severed out of another suit by Court order in 2008, even assuming that the date of its filing is considered to be the June 22, 2007, date Shaw submitted claims under § 1983 within the petition for writ of habeas corpus in case number 4:07-CV-368-Y, his claims are too late. As Shaw did not file the claims made the basis of this suit until June 22, 2007, his claims recited in Court are too late: the applicable two-year statute of limitations already had

---

is [two years]"). Although Shaw has also referenced 42 U.S.C. § 1986 as a source for his claims, this provision has its own statute of limitations which requires commencement of a suit within one year after the cause of action accrues. 42 U.S.C.A. § 1986 (West 2003). Thus, any claims under § 1986 are time barred for the reasons stated in the text *infra.*

[17]*See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[18]*See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[19]*See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418.

expired prior to the time Shaw filed suit. As all claims are barred by the applicable statutes of limitations they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

Therefore, all of Plaintiff's claims for monetary damages against the individual defendants in an official capacity are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

All remaining claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED February 26, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE